**Exhibit B**

**Proposed Final Order**

50142135

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>America's Gardening Resource, Inc., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11180 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. __** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS**
**TO (A) PAY PREPETITION WAGES, SALARIES, OTHER**
**COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE**
**EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing the Debtors to (a) pay all prepetition wages, salaries, other compensation, and Reimbursable Expenses on account of the Compensation and Benefits and (b) continue to administer the Compensation and Benefits in the ordinary course of business, including payment of prepetition obligations related thereto; and (ii) granting related relief, in each case in the ordinary course of business, including payment of certain undisputed prepetition obligations related thereto, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Motion under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: America's Gardening Resource, Inc. (9604); Gardener's Home LLC (0498); Serac Corporation (9800); IGH,p Inc. (9336); Innovative Gardening Solutions, Inc. (3325). The location of the Debtors' corporate headquarters and the Debtors' service address in these chapter 11 cases is 128 Intervale Road, Burlington, Vermont 05401.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

§ 157(b)(2); and the Debtors having confirmed their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized, to: (a) continue, modify, change, and discontinue the Compensation and Benefits in the ordinary course of business during these Chapter 11 Cases, subject to applicable law and after notice and a hearing, and (b) pay and honor prepetition amounts outstanding under or related to the Compensation and Benefits in the ordinary course of business in an aggregate amount previously established in the Interim Order.

3.      The Debtors shall provide three (3) business days' notice (email being sufficient) to any official committee appointed in these Chapter 11 Cases, the Debtors' prepetition lenders, and the U.S. Trustee of any material modification to the Employee Compensation and Benefits programs or any new material Employee Compensation and Benefits program.  Such notice shall

describe (a) the proposed modifications or new program, (b) the reasons for such modifications or new program, and (c) the estimated costs for such modifications of any such Employee Compensation or Benefit program, which notice shall include (i) the amount of the payment, (ii) the basis for such payment, and (iii) who is receiving such payment.

4.      Nothing in the Motion or this Final Order shall be deemed to: (a) alter or amend the terms and conditions of the Workers' Compensation Program;[3] (b) create or permit a direct right of action (a "Direct Action") against an insurer or third-party administrator where such right of action does not already exist under applicable non-bankruptcy law; or (c) preclude or limit, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Workers' Compensation Program.

5.      Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified if and solely to the extent necessary to authorize: (a) claimants to proceed with their claims under the Workers' Compensation Program, whether arising before or after the Petition Date, or Direct Action claim in the appropriate judicial or administrative forum; (b) insurers and third-party administrators to handle, administer, defend, settle, and/or pay claims under the Workers' Compensation Program and Direct Action claims; and (c) the Debtors to continue the Workers' Compensation Program and pay all prepetition amounts and, for the avoidance of doubt, postpetition amounts relating thereto in the ordinary course of business.  The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program and related Direct Action claims.

---

[3]    For the avoidance of doubt, the term Workers' Compensation Program shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto.

6.      The Debtors are authorized to forward any unpaid amounts on account of Payroll Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business.

7.      The Debtors are authorized to pay in the ordinary course of business any costs and expenses incidental to payment of the Compensation and Benefits obligations, including the Unpaid Payroll Processing Fees, all administrative and processing costs, and necessary payments to outside professionals.

8.      Nothing herein shall be deemed to authorize the payment of any amounts that violates or implicates section 503(c) of the Bankruptcy Code; *provided that* nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code by separate motion at a later time.

9.      Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

10.     Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority,

50142135

enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11.     Subject to the terms of this Court's Order approving Debtors' continued use of their cash management system, the Debtors' banks (the "Banks") are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and Banks shall not be liable to any party on account of: (a) following the Debtors' instructions or representations as to any order of this Court; (b) the honoring of any prepetition check or other item drawn on any account that is the subject of this Final Order in a good faith belief that the Court has authorized such prepetition check or item to be honored; and (c) an innocent mistake made despite implementation of reasonable item handling procedures.

12.     The requirements of Bankruptcy Rule 6004(a) and the Local Rules with respect to notice of the Motion have been satisfied.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

5

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

50142135