**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>America's Gardening Resource, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-11180 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: July 9, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: July 16, 2025 at 11:00 a.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors" and, each, a "Debtor"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101– 1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby move (the "Motion") the Court for entry of an order, substantially in the from attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In further support of this Application, the Debtors respectfully state as follows:

**RELIEF REQUESTED**

1. The Debtors seek entry of an order: (a) approving the Compensation Procedures (as defined herein) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses incurred by attorneys and other professionals

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: America's Gardening Resource, Inc. (9604); Gardener's Home LLC (0498); Serac Corporation (9800); IGH, Inc. (9336); Innovative Gardening Solutions, Inc. (3325). The location of the Debtors' corporate headquarters and the Debtors' service address in these chapter 11 cases is 128 Intervale Road, Burlington, Vermont 05401.

whose retentions are approved by this Court pursuant to sections 327, 328, or 1103 of title 11 of the Bankruptcy Code (each as defined herein) and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and (b) granting related relief.

## JURISDICTION AND VENUE

2.  The United States District Court for the District of Delaware has jurisdiction to consider this Application under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

## BACKGROUND

5.  On June 20, 2025 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in the

*Declaration of David Baker in Support of First Day Motions* (the "First Day Declaration") [Docket No. 11].

6. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

7. On July 2, 2025, the United States Trustee for Region 3 (the "U.S. Trustee") appointed a Committee of Unsecured Creditors (the "Creditors Committee") in the Chapter 11 Cases. [Docket No. 52]. No trustee or examiner has been appointed in the Chapter 11 Cases.

## RETENTION OF PROFESSIONALS

8. The Debtors have filed or will file applications to retain certain professionals (collectively, the "Debtors' Professionals"), including: (a) Cole Schotz P.C., as restructuring counsel; (b) David M. Baker, as chief restructuring officer; (c) Stretto, Inc., as claims and noticing agent and administrative agent; (d) Tower Partners, LLC, as investment banker; and (e) Devine Millimet, as special ESOP counsel. The Debtors do not anticipate the need to retain other professionals pursuant to sections 327 or 328 of the Bankruptcy Code during the course of these Chapter 11 Cases but will seek authority from the Court to do so if the need arises. To the extent a statutory committee is formed in this matter, the statutory committee may retain counsel and a financial advisor or other professionals to represent the statutory committee in connection with these Chapter 11 Cases (together with the Debtors' Professionals, the "Professionals").

## THE PROPOSED COMPENSATION PROCEDURES

9. Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. *See* 11 U.S.C. § 331. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions

of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. *See id.* § 105(a).

10. The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

> (a) On or after the 15th day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Application, on: (i) the Debtors, America's Gardening Resource, Inc., 128 Intervale Road, Burlington, VT 05401 (Attn: Rebecca Grey (rebeccag@gardeners.com); (ii) proposed counsel for the Debtors, Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, DE 19801 (Attn: Patrick J. Reilley, Esq. (PReilley@coleschotz.com) and Jack M. Dougherty, Esq. (JDougherty@coleschotz.com) and 1201 Wills Street, Suite 320, Baltimore, MD 21231 (Attn: Gary H. Leibowitz, Esq. (GLeibowitz@coleschotz.com), H.C. Jones III, Esq. (HJones@coleschotz.com), and J. Michael Pardoe, Esq. (mpardoe@coleschotz.com)); (iii) counsel to the Debtors' prepetition lenders, Bank of America (Chapman & Cutler LLC, 1270 Avenue of the Americas, 30th Floor, New York, NY (10020-1708), Attn: Dan Flores, Esq. (dflores@chapman.com) and Alex Kress, Esq. (akress@chapman.com)) and Northfield Savings Bank (Dinse P.C., 209 Battery St., Burlington VT 05402, Attn: Afi Ahmadi, Esq. (aahmadi@dinse.com) and Molly Langan, Esq. (mollylangan@dinse.com); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases; and (v) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Hannah M. McCollum, Esq. (hannah.mccollum@usdoj.gov) (each an "Application Recipient" and collectively, the "Application Recipients"). A Professional may file a Monthly Fee Application for multiple months.
>
> (b) Each Application Recipient will have until 4:00 p.m. (ET) fourteen (14) days after service of a Monthly Fee Application to object to the request. Upon the expiration of such period, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the compensation and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed with the Court, the Debtors are authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to 80% of the compensation and 100% of the expenses

<div style="margin-left: 2em;">

requested in the applicable Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") that are not subject to an objection pursuant to subparagraph (c) below.

</div>

(c) If any Application Recipient objects to a Monthly Fee Application, the objecting party shall, within fourteen (14) days of service of the Monthly Fee Application, serve a written notice (email being sufficient) upon the respective Professional and each of the Application Recipients setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon compensation and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within fourteen (14) days after service of the objection, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three (3) days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Disputed Amount</u>") or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties. The Debtors shall provide notice to the DIP Lenders of any amounts to be paid pursuant to this paragraph.

(d) Each Professional may submit its first Monthly Fee Application on or after the date of entry of the Proposed Order. This initial Monthly Fee Application will cover the period from the Petition Date through July 31, 2025. Thereafter, the Professionals may file Monthly Fee Application in the manner described above.

(e) Beginning with the period ending on August 31, 2025 and at three month intervals thereafter (the "<u>Interim Fee Period</u>"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each an "<u>Interim Fee Application</u>") for allowance of compensation and reimbursement of expenses incurred during such Interim Fee Period in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the applicable Interim Fee Period, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. Parties will have until 4:00 p.m. (ET) fourteen (14) days after service of an Interim Fee Application or notice to

    object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including August 31, 2025.

  (f) The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed compensation (including the 20% holdback) but excluding fees and expenses of counsel to individual committee members) and expenses not previously paid.

  (g) A pending Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

  (h) Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court.

  11. The Debtors also request that each member of any official committee formed by the U.S. Trustee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective official committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with the Court pursuant to the Compensation Procedures.

  12. The Debtors further request that the Court limit service of Interim Fee Applications and Final Fee Applications (collectively, the "Applications") to the Application Recipients and all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases be entitled to receive only notice of hearings on the Applications (the "Hearing Notice"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these Chapter 11 Cases to review and object to the Professionals' fees and will save unnecessary duplications and mailing expenses.

**BASIS FOR RELIEF**

13. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits. *See* 11 U.S.C. § 331. Additionally, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. *Id.* § 105(a).

14. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *See, e.g., In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

15. The size of these Chapter 11 Cases and time and effort that will be required from the Professionals to successfully achieve the Debtors' chapter 11 objectives justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these Chapter 11 Cases and are not forced to bear undue financial burden or risk caused by delays in payment.

16. Courts in this jurisdiction have approved relief similar to the relief requested in this motion and as set forth in the Proposed Order. *See, e.g., In re Supply Source Enterprises, Inc.*, No. 24-11054 (BLS) (Bankr. D. Del. June 13, 2024) (granting order establishing procedures for interim compensation and reimbursement of expenses for retained professionals); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. May 14, 2024) (same); *In re Sientra, Inc.*, No. 24-10245 (JTD)

(Bankr. D. Del. Mar. 26, 2024) (same); *In re MVK Farmco LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Nov. 15, 2023) (same); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) (same); *In re PGX Holdings, Inc.*, Case No. 23-10718 (CTG) (Bankr. D. Del. Jun. 4, 2023) (same).

17. The proposed Compensation Procedures will enable the Debtors to monitor the costs of administering these Chapter 11 Cases, maintain level cash flow, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

18. Establishing the Compensation Procedures will significantly aid the efficient administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the relief requested is in the best interests of the Debtors' estates, creditors, and parties in interest.

## **NOTICE**

19. The Debtors will provide notice of this Motion to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Debtors' prepetition lenders; (c) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (d) the United States Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the Office of the United States Attorney for the District of Delaware; (g) the Delaware State Treasury; (h) the Delaware Secretary of State; and (i) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

20. No prior request for the relief sought in this application has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: July 2, 2025<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*/s/ Patrick J. Reilley*<br>Patrick J. Reilley (No. 4451)<br>Jack M. Dougherty (No. 6784)<br>500 Delaware Avenue, Suite 600<br>Wilmington, Delaware 19801<br>Telephone:(302) 652-3131<br>Facsimile: (302) 574-2103<br>Email: preilley@coleschotz.com<br>            jdougherty@coleschotz.com<br><br>-and-<br><br>Gary H. Leibowitz (admitted *pro hac vice*)<br>H.C. Jones III (admitted *pro hac vice*)<br>J. Michael Pardoe (admitted *pro hac vice*)<br>1201 Wills Street, Suite 320<br>Baltimore, Maryland 21231<br>Telephone: (410) 230-0660<br>Facsimile: (410) 230-0667<br>Email: gleibowitz@coleschotz.com<br>            hjones@coleschotz.com<br>            mpardoe@coleschotz.com<br><br>*Proposed Counsel for Debtors and Debtors-in-Possession* |