IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>America's Gardening Resource, Inc., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11180 (BLS)<br>(Jointly Administered)<br><br>**Re: Docket No. 86** |

**OBJECTION OF THE MILLER REALTY GROUP TO AMENDED
NOTICE OF POTENTIAL ASSUMPTION OF EXECUTORY
CONTRACTS
OR UNEXPIRED LEASES AND CURE AMOUNTS**

The Miller Realty Group LLP, ("MRG" or "Landlord"), by and through undersigned counsel, hereby files this limited objection (the "Objection") to the Debtors' *Amended Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 86] (the "Cure Notice") and states as follows:

**Background**

1. On June 20, 2025 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: America's Gardening Resource, Inc. (9604); Gardener's Home LLC (0498); IGH, Inc. (9336); Serac Corporation (9800); Innovative Gardening Solutions, Inc. (3325). The location of the Debtors' corporate headquarters and the Debtors' service address in these chapter 11 cases is 128 Intervale Road, Burlington, Vermont 05401.

3.       Prior to the Petition Date, Debtor America's Gardening Resource Inc. ("AGR") and Landlord entered into that certain Lease Agreement (the "Lease") pursuant to which Landlord leased certain real property located at 947 Rt. 7 South. Milton VT 05468 Vermont (the "Premises") to AGR. A copy of the Lease is attached hereto as **Exhibit 1**.

4.       In exchange for its right to use and occupy the Premises, AGR agreed to pay to Landlord base rent and certain additional rent, including but not limited to taxes and insurance reimbursements.

5.       The Cure Notice lists a cure amount of pre-petition cure amount of $79,098.65 and a post-petition cure amount of $79,098.65 (corresponding to base rent) for the Lease. As of the date of this objection, that cure amount is incorrect. In addition, as of August 1st, another rent/tax payment of $79,098.65 will be due.

6.       While the unpaid base rent identified in the Cure Notice is accurate as of today, the Cure Notice does not account for all charges such as unpaid taxes, CAM, etc. in the amount of $20,459.17 [2]. The correct amount to cure all defaults under the Lease as of today, in addition to the listed cure amount of pre-petition cure amount of $79,098.65 and a post-petition cure amount of $79,098.65, is $20,459.17. CAM/additional rent charges are billed throughout the month and can be in variable amounts. Landlord reserves the right to add those obligations to the "Cure" amount if they are billed after the date of the objection

## Cure Amount Objection

7.       Landlord objects to the Cure Notice to the limited extent that the Cure Notice understates the amount necessary to cure outstanding payment defaults by AGR.

8.       According to Landlord's records, the total amount outstanding under the Lease in addition to the listed cure amount of pre-petition cure amount of $79,098.65 and a post-petition cure amount of $79,098.65, is $20.459.17.

---

[2] Attached hereto as **Exhibit 2** is a copy of the relevant CAM bill and support.

**Cure of Defaults Under § 365(b)(1)(A)**

9. Under 11 U.S.C. § 365(b)(1)(A), the debtor-in-possession may not assume and assign an executory contract unless the debtor-in-possession "cures, or provides adequate assurance that [it] will cure" any monetary defaults under the contract. *See Spyglass Media Group, LLC V. Bruce Cohen Productions, et al., (In re Wienstein Company Holdings)*, 997 F.3d 497, 501 (3d Cir. 2021) ("To assume an executory contract, a debtor must cure existing defaults and put the contract in the same place as if the bankruptcy never happened."); *see also In re Airlift Intern, Inc.*, 761 F.2d 1503, 1508 (11th Cir. 1985) ("Upon assuming an executory contract or unexpired lease under section 365, the estate must (i) cure all defaults, (ii) compensate the other party for any pecuniary losses arising from such default, and (iii) provide adequate assurance of future performance under the agreement.").

10. The Debtors' identification of the Lease in the Cure Notice fails to provide accurate cure amounts.

11. Landlord objects to the assumption and assignment of the Lease unless the Debtors cure all monetary defaults under the Lease, which are currently in addition to the listed cure amount of pre-petition cure amount of $79,098.65 and a post-petition cure amount of $79,098.65, an additional cure amount of $20.459.17. In the event that the closing occurs after August 1, then an additional cure amount of $79,098.65 will accrue.

12. Further, no potential assignee of the Lease or the has provided adequate assurance that it can cure any defaults under such contracts or that it has the financial wherewithal to continue to service such contracts going forward. As such, Landlord demands that any potential assignee seeking to assume the Lease provide evidence of its ability to (a) cure the all arrearages at closing and (b) timely pay all post-closing charges.

**Reservation of Rights and Notice**

13.      Landlord reserves the right to supplement, amend or modify this Objection, including the cure amounts, to include additional amounts that may be or become due, and further reserves any other rights that it may have under applicable law. Nothing herein is intended to be a waiver by Landlord of any right, objection, argument, claim, or defense with respect to any matter, all of which are hereby expressly reserved.

WHEREFORE, Landlord respectfully requests that the Court condition any assumption of the Lease on the Debtors paying the full cure amount, which is no less than in addition to the listed cure amount of pre-petition cure amount of $79,098.65 and a post-petition cure amount of $79,098.65, a total of $20.459.17, as of today, and condition any assignment of the Lease on proof of adequate assurance of future performance by any potential assignee, and grant such other and further relief as is just and equitable.

Dated: July 25, 2025

                                                GELLERT SEITZ BUSENKELL & BROWN, LLC

                                                /s/ Gary F. Seitz
                                                By:  Gary F. Seitz
                                                1201 N Orange Street, Suite 300
                                                Wilmington, DE 19801
                                                gseitz@gsbblaw.com
                                                (215) 238-0011
                                                *Counsel to The Miller Realty Group LLP*